**RAMBUS, INC., Plaintiff,**

v.

**INFINEON TECHNOLOGIES AG, et al., Defendants.**

**No. CIV.A. 300CV524.**

United States District Court, E.D. Virginia, Richmond Division.

Dec. 15, 2004.

Michael W. Smith, Craig T. Merritt, R.
Braxton Hill, Christian & Barton, L.L.P.,

Richmond, VA, Gregory P. Stone, Peter A. Detre, Munger, Tolles & Olson LLP, Los Angeles, CA, for Plaintiff.

Brian C. Riopelle, Robert M. Tyler, McGuire Woods, LLP, Richmond, John M. Desmarais, Gregory S. Arovas, Michael P. Stadnick, Kirkland & Ellis, New York, NY, for Defendants.

## MEMORANDUM OPINION

PAYNE, District Judge.

This matter is before the Court on the defendants' ("Infineon") Motion *In Limine* To Exclude Certain Documents (Docket No. 832) that Rambus, Inc. ("Rambus") proposes to offer into evidence at the trial of this action. For the reasons set forth below, the motion *in limine* is granted.

## FACTS AND BACKGROUND

Rambus filed this action in August 2000. Discovery in this case closed in January 2001. A trial was held in May 2001. The judgment was appealed, affirmed in part, reversed in part, and remanded. On remand, Rambus and Infineon were accorded limited supplemental discovery, including, *inter alia,* all documents as to which production was previously requested, but which had not been produced. Rambus contends that the documents at issue are relevant to Infineon's claim of unfair business practices under the California Business & Professions Code Section 17200, which was added after the case was remanded.

Infineon filed the motion *in limine* to preclude Rambus from offering into evidence fourteen third-party declarations made pursuant to Federal Rule of Evidence 902(11) and 148 documents purportedly authenticated by those declarations. The 148 underlying documents were trial exhibits in a proceeding initiated by the Federal Trade Commission ("FTC") against Rambus.

The underlying documents were among some five hundred thousand pages of documents that were produced by DRAM manufacturers other than Infineon ("third parties") pursuant to subpoenas issued by the FTC and Rambus in the FTC proceeding. Production of the subpoenaed documents was pursuant to an FTC protective order so that until recently Infineon has not had access to the 148 documents that Infineon wants to use here and has never had access to the larger body of documents from which these few were selected by Rambus.

Rambus claims that the documents fall within the business records exception to the hearsay rule, Rule 803(6), and has offered purportedly authenticating declarations under Rule 902(11) in an effort to have them admitted. Infineon objects to the admission of those documents for several reasons. Infineon advances three grounds for its motion.

First, Infineon claims that these documents go beyond the scope of discovery authorized by the Court on remand. Second, Infineon argues that the declarations do not satisfy Rule 902(11) because they were produced too late to afford Infineon sufficient opportunity to challenge them, and because they fail to meet the specific requirements of Rule 902(11) and Federal Rule of Evidence 803(6). Third, Infineon claims that these documents should be excluded to the extent that Rambus intends to publish them to jury untethered to any witness testimony.

## DISCUSSION

### I. Rule 803(6) and Rule 902(11)

The starting point for assessing this motion is the text of Rules 803(6) and 902(11). Rule 803(6) excepts records of regularly

conducted activity from the disqualifying consequence of the hearsay rule:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed.R.Evid. 803(6). The rule was amended in 2000 to add that, in lieu of live testimony, the foundation for admissibility of a business record may be established by a certification that complies with Rule 902(11), which provides that:

> The original or duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person ... certifying that the record—
>
> > (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
> >
> > (B) was kept in the course of the regularly conducted activity; and
> >
> > (C) was made by the regularly conducted activity as a regular practice.

Fed.R.Evid. 902(11).

Rules 803(6) and 902(11) go hand in hand. Making reference to Rule 803(6), the Advisory Committee Notes explain that Rule 902(11) "sets forth a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness."[1] Additionally, the Advisory Committee Notes to Rule 803 respecting the 2000 amendments, explain that Rule 902(11) "provides that the foundation requirements of Rule 803(6) can be satisfied under certain circumstances without the expense and inconvenience of producing time-consuming foundation witnesses."[2]

 Thus, the most appropriate way to view Rule 902(11) is as the functional equivalent of testimony offered to authenticate a business record tendered under Rule 803(6) because the declaration permitted by Rule 902(11) serves the same purpose as authenticating testimony. Therefore, the declaration must satisfy the substantive criteria set forth in Rule 902(11) in order to lay a proper foundation for admission of the record. Unfortunately, there is very little decisional law respecting the meaning and application of Rule 902(11). However, because Rule 902(11) contains the same requirements, and almost the same wording, as Rule 803(6), decisions explaining the parallel provisions of Rule 803(6) are helpful in resolving the issues here presented. The fourteen declarations offered by Rambus will be considered with that in mind and thus the framework for analysis is whether

---

1. Fed.R.Evid. 902(11), Advisory Committee's Note.

2. Fed.R.Evid. 803(6), Advisory Committee's Note; *see also DirecTV, Inc. v. Murray*, 307 F.Supp.2d 764, 772 n. 3 (D.S.C.2004) (explaining that "Rule 902(11) was designed to work in tandem with an amendment to Rule 803(6) to allow proponents of business records to qualify them for admittance with an affidavit or similar written statement rather than live testimony.")

each declaration meets the self-evident requirements of Rule 902(11) which are that:

a declarant, who is a custodian or other "qualified person," certify that the record "(A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (B) was kept in the course of the regularly conducted activity; and (C) was made by the regularly conducted activity as a regular practice."

Fed.R.Evid. 902(11).[3]

■ The theory behind the business records exception embodied in Rule 803(6) is that "[r]eports and documents prepared in the ordinary course of business are generally presumed to be reliable and trustworthy." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 204–05 (4th Cir.2000). Records of that sort are considered trustworthy because "businesses depend on such records to conduct their own affairs; accordingly, the employees who generate them have a strong motive to be accurate and none to be deceitful" and secondly, because "routine and habitual patterns of creation lend reliability to business records." *Id.* at 205. In determining admissibility courts are to consider "the character of the records and their earmarks of reliability ... from their source and origin and the nature of their compilation." *Palmer v. Hoffman*, 318 U.S. 109, 114, 63 S.Ct. 477, 87 L.Ed. 645 (1943).

### A. The Declarant: A Custodian or Other Qualified Person

■ The first requirement of Rule 902(11) is that the declaration be made by a "custodian or other qualified witness." This requirement is not overly exacting. As explained by a leading evidence treatise, "the certification has to be executed by a person who would be qualified to testify as a custodial or other foundation witness." 5 Weinstein's Federal Evidence, § 803.08[8][b] (2d ed.2004).

■ The Fourth Circuit is in accord with the view expressed in *Weinstein*. *See e.g., United States v. Porter*, 821 F.2d 968, 977 (4th Cir.1987) (to be a "qualified witness" under Rule 803(6), one must be the custodian of records, or know the company's record keeping requirements) More recent decisions are to the same effect. For example, the Court of Appeals has held that a "qualified witness" is one "who has sufficient knowledge of the record-keeping system and the creation of the contested record to establish their trustworthiness." *United States v. Hernandez*, 1998 WL 841504, at *2 (4th Cir.1998) (unpublished) (finding that the witness was not "qualified" because he failed to "testify that he was familiar with the creation and maintenance of ... records"); *see also United States v. Jacobs*, 1995 WL 434827, at *1–2 (4th Cir.1995) (finding record inadmissible because the witness "did not testify that he was familiar with the creation and maintenance of the records"). The Fourth Circuit has also held that the term "qualified witness" is to be interpreted broadly, and requires "only someone who understands the system used to record and maintain the information ... someone with knowledge of the procedure governing the

---

**3.** This is an action arising under the federal patent laws; thus, the decisional law of the United States Court of Appeals for the Federal Circuit, rather than that of the United States Court of Appeals for the Fourth Circuit, is controlling as respects any issue of patent law. *Silicon Image, Inc. v. Genesis Micro-chip, Inc.*, 271 F.Supp.2d 840, 849 (E.D.Va. 2003). Questions pertaining to the admissibility of evidence are governed by the law of the regional circuit, however, and not by the decisions of the Federal Circuit, because admissibility is not a matter peculiar to patent law. *Id.*

creation and maintenance of the type of record to be admitted." *United States v. Sofidiya*, 1998 WL 743597, at *3 (4th Cir. 1998) (unpublished) (finding bank employee qualified to lay foundation who was familiar with the procedure used to generate the bank records).[4]

The Fifth Circuit has taken a similar view, holding that the affiant need only have enough "personal knowledge to testify as custodian of documents" and "personal knowledge as to some of the statements in the affidavit," but not all of the contents of the business records. Weinstein § 902.13[1] (quoting *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir.2003)).

The custodian also must have knowledge of the procedures under which the record was created. *See, Porter*, 821 F.2d at 977. The Seventh Circuit likewise has concluded that the "qualified witness" requirement is not a stringent one, but has emphasized that nonetheless "the business records exception *does* require that the witness have knowledge of the procedure under which the records were created." *Collins v. Kibort*, 143 F.3d 331, 338 (7th Cir.1998) (emphasis added). In *Collins*, the district court had disqualified a custodian who had testified merely that "the exhibits she gather[ed] and submit[ted] ... are taken from the records of [the company] which it is in the regularly practice of [the company] to make," noting that, "I cannot infer from [her] affidavit that she has knowledge of the procedures governing the *creation* of a record."

*McKay v. Town & Country Cadillac, Inc.*, 2002 WL 318295, at *1 (N.D.Ill.2002). The Seventh Circuit affirmed because the affidavit failed to establish that the affiant was knowledgeable about how the record was created.

Many of the declarations offered by Rambus fail to make any reference to the declarant's knowledge, or even awareness, of the record-keeping practices of the company that produced the documents. Specifically, in the declarations from Dell, Elpida Memory, Fujitsu, Hewlett–Packard, Intel, IBM, Mitsubishi, NEC Electronics, Teradyne, Texas Instruments, and Toshiba, the declarants do not claim any familiarity with the record-keeping practices of their respective companies, much less the creation of the records.

The declarations from NEC Electronics, Elpida Memory, and Toshiba are actually made by a custodian, but the custodian does not purport to be familiar with the record-keeping system of the company. In the Kellogg declaration from IBM, the declarant even admits that he has no knowledge of the record-keeping system. The declarant merely explains that it was *his* practice to take notes at meetings, but that he is not aware of any record keeping policy of IBM that relates to the retention of such notes.

■ As Fourth Circuit precedent makes clear, the custodian or qualified witness must not only be familiar with the maintenance of the records, but also with how they are created.[5] While the bar for quali-

---

4. Unpublished decisions are neither binding nor of precedential effect in the Fourth Circuit. However, they are useful analytical tools.

5. The Advisory Committee Notes to Rule 803(6) explain that:

"the phrase 'person with knowledge' is not intended to imply that the party seeking to introduce the memorandum ... must be able to produce or even identify, the specific individual upon whose first-hand knowledge the memorandum ... was based. A sufficient foundation for the introduction of such evidence will be laid if the party seeking to introduce the evidence is able to show that it was the regular practice of the activity to base such memorandums, re-

fication as a custodian or qualified witness is not high, these twelve declarations clearly fall far short of it by failing to meet the threshold "qualified witness" requirement of Rule 902(11).

### B. The Time of Making Requirement

The second requirement of Rule 902(11) is that the record "was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters." The declarations from Dell, Elpida Memory, Fujitsu, IBM, Hewlett–Packard, and NEC Electronics all fail to state that a person with knowledge made the record at or near the time of the occurrence. These six declarations thus fail the "time of making requirement" of Rule 902(11).

### C. The "Kept In The Course Of The Regularly Conducted Activity" Requirement

■ The third requirement of Rule 902(11) is that the record must be "kept in the course of the regularly conducted activity." This requirement reflects the very basic principle that the "mere presence of a document ... in the retained files of a business entity do[es] not by itself qualify that document as a record of regularly conducted activity." *White Indus., Inc. v. Cessna Aircraft Corp.*, 611 F.Supp. 1049, 1059 (W.D.Mo.1985) (citing *Standard Oil Co. of Calif. v. Moore*, 251 F.2d 188, 215 n. 34 (9th Cir.1957)). This simply means that the particular record must be kept as part of the usual course of business. The Fifth Circuit explained that "a record is considered kept in the ordinary course of business when it is made

pursuant to established procedures for the routine and timely making and preserving of business records, and is relied upon by the business in the performance of its functions." *United States v. Wells*, 262 F.3d 455, 463 n. 8 (5th Cir.2001); *United States v. Foster*, 711 F.2d 871, 882 (9th Cir.1983) (same). The Seventh Circuit has found that records kept for personal reasons, such as diaries, can sometimes qualify as "kept in the ordinary course of business" when they are "kept as part of a business activity" and relied upon by the employee who made them or other employees. *See United States v. Hedman*, 630 F.2d 1184, 1197 (7th Cir.198).

The Dell declaration is the only declaration that fails to satisfy this requirement. Infineon claims, however, that several more of the declarations fail in this respect. A few of the declarations state that the record was "maintained in the ordinary course of business." [6] Infineon apparently considers that such a statement is largely insufficient because the declaration did not recite the exact language of Rule 902(11). There does not appear to be such a distinction in the case law. *See, e.g., United States v. Briscoe*, 896 F.2d 1476 (7th Cir. 1990); *Kennedy v. Los Angeles Police Dept.*, 901 F.2d 702 (9th Cir.1989) (overruled on other grounds); *United States v. Keplinger*, 776 F.2d 678 (7th Cir.1985), *United States v. Albert*, 773 F.2d 386 (1st Cir.1985). Therefore, only the Dell declaration fails to satisfy the third requirement.

### D. The "As A Regular Practice Of The Regularly Conduct Activity" Requirement

■ The final requirement of Rule 902(11) is that it must have been a regular

---

ports, records, ... upon a transmission from a person with knowledge."
Fed.R.Evid. § 803(6), Advisory Committee's Notes.

6. E.g. Elipida Memory and NEC Electronics.

practice of a "regularly conducted activity" to make and keep the record at issue. This text, of course, tracks the wording of Rule 803(6). A "regularly conducted activity" is a business activity, whether conventional or unconventional, or even illegal. Cotchett, *Federal Courtroom Evidence*, § 803.7.2 (5th ed.2004). Under the plain text of the Rule, the declaration must show that the proffered record was made and kept as a regular practice by the business activity from which the document comes. It is not enough that a particular employee regularly makes and keeps the records as his or her own regular practice because it must be the regular practice of the business (*e.g.* the "regularly conducted activity") to make and keep the record at issue.

The Second Circuit held that the "regular practice" requirement was not met where a memorandum was prepared by an employee and the custodian testified that it was in fact not the regular practice of the business to have such memoranda prepared. *United States v. Freidin*, 849 F.2d 716, 720–21 (2nd Cir.1988). The court adopted a strict reading of the Rule, noting that Congress added the "regular practice" phrase to the Rule and in doing so explained that it was a "necessary further assurance of [a record's] trustworthiness." *Id.* at 722 n. 2. Other circuits have drawn a similar distinction between, on the one hand, records that were in some way related to an employee's job and that were made on the initiative of the employee and, on the other hand, records that were created as a regular practice of an entity, with only the latter being admissible. *See Pierce v. Atchison T. & S.F. Ry.*, 110 F.3d 431, 444 (7th Cir.1997); *Monotype Corp. PLC v. Inter. Typeface Corp.*, 43 F.3d 443, 450 (9th Cir.1994); *O'Malley v. U.S. Fid. & Guar. Co.*, 776 F.2d 494, 500 (5th Cir.1985). This sensible approach merely is a manifestation of the principle that documents may not be admitted as records of regular-

ly conducted activity "absent a showing that [the clerk] regularly compiled them as part of his official duties ... [because] the [proponent] has to establish that 'it was the regular practice of that business activity' to have the notes made." *United States v. Robinson*, 700 F.2d 205, 209–10 (5th Cir.1983).

The oft-cited Supreme Court decision in *Palmer v. Hoffman*, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943), addressed this issue as well, albeit under the Federal Business Records Act, which contains language similar to the current Rules 803(b) and 902(11). In *Palmer*, the Supreme Court explained the basis of the regular course of the regularly conducted activity requirement was not the regularity with which an entry was made but instead was whether such entries were "routine reflections of the day to day operations of a business" because that characteristic was what imbued the records with a probability of trustworthiness. *Id.* at 113–14.

Several of the declarations here evince a complete lack of compliance with the fourth requirement of Rule 902(11). Specifically, the declarations from Advanced Micro Devices, Dell, Elpida Memory, Fujitsu, IBM, Hewlett–Packard, Intel, Mitsubishi, NEC Electronics, Silicon Graphics, Teradyne, Texas Instruments, and Toshiba all fail to assert that the records were made by the regularly conducted activity as a regular practice.

Additionally, in the Molex declaration, the declarant states that the Molex documents are all notes and memoranda that he took during committee meetings. The declarant states that it was his "regular practice" to take notes, and that they were "kept in the regular course," but not that it was the regular practice of Molex that he should take and keep such notes. This is an important distinction, as noted in *Robinson*. The fact that an employee

"routinely" takes meeting notes and keeps them, is quite different than whether a company policy directs the employee to do so.

It is the latter which permits the document to be admitted. In *City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 937 (9th Cir.1995), the court explained that notes of an employee "created in the normal course of business" were inadmissible because, there was no showing that the "notes were made pursuant to company procedures and relied upon by [the company]." Similarly, in *United States v. Ferber*, 966 F.Supp. 90, 98 (D.Mass.1997), the court found an e-mail message inadmissible because, "while it may have been [the employee's] routine business practice to make such records, there was no sufficient evidence that [the company] required such records to be maintained." While the notes that are the subject of the Molex declaration conceivably might qualify as business records, the declaration is not sufficient for them to be admissible.

Thus, none of the fourteen affidavits meet the fourth requirement of Rule 902(11).

### E. All Four Requirements Must Be Met

■ Under the plain text of Rules 803(6) and 902(11), all requirements for admissibility must be met if a document is to be admitted into evidence. Rule 902(11) states that a custodian or other qualified witness must certify in the written declaration that the proffered document meets three requirements which are listed without ambiguity. The fourth element is that which requires the affidavit of a custodian or other qualified witness. The necessity to satisfy all four requirements also finds expression in the decisional law. *See, e.g., United States v. Strother*, 49 F.3d 869, 874 (2nd Cir.1995) (holding that, while "the 'principal precondition' to admissibility is

the sufficient trustworthiness of the record, the proffered record must meet all of the requirements of the exception"); *United States v. Atlas Lederer Co.*, 282 F.Supp.2d 687, 696 (S.D.Ohio 2001) (citing *Redken Labs., Inc. v. Levin*, 843 F.2d 226, 229 (6th Cir.1988)) (holding that for a business record to be admissible under Rule 803(6) "the record must satisfy four requirements"). *Id.*

The following declarations fail to meet all four requirements of Rule 902(11): Advanced Micro Devices, Dell, Elpida Memory, Fujitsu, IBM, Hewlett–Packard, Intel, Mitsubishi, Molex, NEC Electronics, Silicon Graphics, Teradyne, Texas Instruments, and Toshiba. In sum, none of the fourteen proffered affidavits satisfy all of the requirements of Rule 902(11).

### F. The "Outsider" Issue

■ There is also another impediment to admissibility that appears in several of the declarations because they address records that, although in the files of the Rule 902(11) declarant's company, are not shown by the declaration to be the records of that company. Of course, "[t]here is not a requirement that the records have been prepared by the entity that has custody of them, *as long* as they were created in the regular course of some entity's business." 5 Weinstein's Federal Evidence, § 803.08[8][a]. However, it is also true that:

> To satisfy Rule 803(6) [and Rule 902(11)], each participant in the chain which created the record—from the initial observer—reporter to the final entrant—must generally be acting in the course of the regularly conduct business. If some participant is not so engaged, some other hearsay exception must apply to that link of the chain.

Weinstein § 803.08[2]. Because Rule 902(11) contains the same requirements as Rule 803(6), a declaration under Rule

902(11) must demonstrate that, as to each participant in a chain of the communication, the document is a business record.

On this point, the Fourth Circuit has held that "[i]f the supplier of the information does not act in the regular course, an essential link is broken; the assurance of accuracy does not extend to the information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail." *Rowland v. Am. Gen. Finance Inc.*, 340 F.3d 187, 194–95 (4th Cir.2003).

The Fourth Circuit also has explained that "[w]hen the source of the information in the business record is an outsider, the only way to save the record from the jaws of the hearsay exclusion is to establish that the business recipient took precautions to guarantee the accuracy of the given information ... Thus, [the company] must have been able in some way to verify the information provided." *United States v. Pendergrass*, 1995 WL 56673 (4th Cir.1995) (unpublished) (internal citations omitted).

As noted in *New York v. Microsoft Corp.*, 2002 WL 650047, at *1 (D.D.C.2002) (unpublished), "[i]f the source of the information is an outsider, Rule 803(6) does not, by itself, permit the admission of the business record. The outsider's statement must fall within another hearsay exception to be admissible because it does not have the presumption of accuracy that statements made during the regular course of business have." With respect to e-mail chains, the court held that "[w]hile ... email may have been 'kept in the regular course' of [the outsider company's] business, Plaintiffs have not ... established that it was the 'regular practice' of [the outsider company's] employees to write and maintain such emails." *New York v. Microsoft Corp.*, 2002 WL 649951, at *2 (D.D.C.2002) (unpublished). The court added that, without such a showing, the final clause of Rule 803(6) is invoked, "which permits exclusion of the evidence where 'the method or circumstances of preparation' indicate lack of trustworthiness." *Id.; see generally* Kathryn Keneally, White Collar Crime, 28 Feb. Champion 42 (2004) (discussing e-mail under the business records hearsay exception). The Ninth Circuit has held that, although electronic documents may be admissible under Rule 803(6), "E-mail is far less of a systematic business activity than a monthly inventory printout," noting that e-mail is "an ongoing electronic message and retrieval system." *Monotype Corp. PLC v. Inter. Typeface Corp.*, 43 F.3d 443, 450 (9th Cir.1994).

This issue also is addressed in one of the few cases that discusses Rule 902(11). In *DirecTV, Inc. v. Murray*, 307 F.Supp.2d 764 (D.S.C.2004), which is cited by both parties in their briefs, the court was confronted with an exchange of mails between people in different companies. The court found that the records were admissible under Rules 902(11) and 803(6) because there were declarations from a qualified witness in each company. For that reason, the reliability of the records had been established. *Id.* at 773.

■■■ Of the purported business records at issue here, where the original source is an "outsider," there are no declarations from the outside entities and none of the proffered declarations otherwise recite any fact that shows qualification by the participant in the chain who actually supplied the information. Furthermore, most of these "outsider" records are in the form of e-mail chains and therefore their trustworthiness is not apparent on the face of the record.

### CONCLUSION

The goal of Rule 803(6) is to allow for the admission of business records, which would normally be excluded under the hearsay rule. The general understanding is that business records are trustworthy

and therefore carry an indicia of reliability. Rule 902(11) seeks to facilitate the admission of business records by eliminating the requirement of a testifying witness. At the heart of the business records exception is a concern with trustworthiness; and the not-very-daunting requirements in Rules 803(6) and 902(11) exist to ensure that the records are in fact trustworthy. Those requirements have not been met here. Therefore, the motion *in limine* will be granted.[7]

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record and to the Honorable Larry M. Boyle, Chief Magistrate, Judge, United States District Court, District of Idaho, U.S. Courthouse & Federal Building, 500 W. Fort Street, Box 039, Boise, Idaho 83724.

It is so ORDERED.

---

7. As an alternative resolution to Infineon's motion, Rambus has requested leave to pursue other depositions to attempt to meet the requisites of Rule 902(11). It is simply too late for that relief to be granted.