**UNITED STATES of America,
Plaintiff,**

v.

**Robert D. KAHRE, et al., Defendants.**

**Cr. No. 05–00121 DAE–RJJ.**

United States District Court,
D. Nevada.

April 20, 2009.

J.G. Damm, Assistant U.S. Attorney, Las Vegas, NV, Christopher J. Maietta, Trial Attorney, U.S. Department of Justice, Washington, D.C., for Plaintiff.

William A. Cohan, Esq., Rancho Santa Fe, CA, Lisa A. Rasmussen, Esq., Las Vegas, NV, for Defendant, Robert David Kahre.

Michael J. Kennedy, First Assistant Federal Defender, Las Vegas, NV, for Defendant, Lori A. Kahre.

Lynn E. Panagakos, Esq., Honolulu, HI, for Defendant, Danille D. Cline.

Joel F. Hansen, Esq., Las Vegas, NV, for Defendant, Alexander C. Loglia.

*ORDER GRANTING GOVERNMENT'S MOTION TO ADDRESS PRELIMINARY QUESTIONS REGARDING THE ADMISSIBILITY OF EVIDENCE PURSUANT TO F.R.E. 104(a)*

DAVID ALAN EZRA, District Judge.

On April 15, 2009, the Court heard the Government's Motion to Address Preliminary Questions Regarding the Admissibility of Evidence Pursuant to F.R.E. 104(a). J. Gregory Damm, Assistant U.S. Attorney, and Christopher J. Maietta, Trial Attorney, U.S. Department of Justice, appeared at the hearing on behalf of the Government; William A. Cohan, Esq., appeared at the hearing on behalf of Defendant Robert Kahre; Lisa A. Rasmussen, Esq., appeared at the hearing on behalf of Defendant Robert Kahre; Michael J. Kennedy, Assistant Federal Public Defender, appeared at the hearing on behalf of Defendant Lori Kahre; Joel F. Hansen, Esq., appeared at the hearing on behalf of Defendant Alexander Loglia; and Lynn Panagakos, Esq., appeared at the hearing on behalf of Defendant Cline. After reviewing the motion, joinders, and the supporting and opposing memoranda, the Court

GRANTS the Government's motion for a pretrial hearing on the admissibility of certain evidence it intends to present in its case in chief.

## DISCUSSION

On November 17, 2008, the Government filed the instant motion, requesting the Court conduct a hearing pursuant to Federal Rule of Evidence 104(a) to determine in advance of trial the admissibility of certain evidence the Government intends to present in its case in chief. (Doc. # 2061.) In essence, the Government requests that the Court conduct a pretrial hearing in which the parties would examine certified declarations from "record custodians" of certain business records "in order to obviate the need for calling these record custodian/foundation witnesses at trial." (*Id.* at 2.) This procedure was proposed pursuant to Federal Rules of Evidence 803(6) and 902(11), which provide for self-authentication of certain business records based on sworn declarations from the record custodians. The Government proposed that determining the admissibility of these business records before trial would "prove less burdensome upon the court, the parties, counsel and the jurors" by mitigating the need to call the actual record witnesses during trial in front of the jury. (*Id.*)

On November 26, 2008, Defendant Kahre filed an opposition to the Government's motion. (Doc. # 2085.) Defendant Kahre objected to such a "pretrial in lieu of trial" proceeding, arguing that presentation of testimony at a pretrial hearing not in the presence of the jury eviscerates the jury's role as fact-finder and violates his Sixth Amendment right to confront the witnesses against him. (*Id.* at 5.) Defendants Lori Kahre and Alexander Loglia each filed "responses" to the Government's motion, which stated that their counsel would inspect records and declarations that the Government had noticed would potentially be used in any pretrial hearing

on admissibility, would file written motions challenging some or all of the records and declarations, and make requests to seek information concerning some or all of the witnesses. (Doc. ## 2112, 2114, respectively.) Defendants Lori Kahre and Loglia's responses, therefore, are not oppositions to the Government's motion to hold the pretrial hearing, but rather reservations of their clients' rights to object to the substance of the declarations and records to be discussed at the hearing.

Defendant Kahre's opposition brief misunderstands the procedure suggested by the Government. The Government does not intend to call the 45 record custodians to testify at the pretrial hearing in order to establish the authenticity of the business records. Rather, according to Federal Rule of Evidence 902(11), the Government proposes to obviate the need to call these witnesses altogether by supplying certifications as to their status as custodians of the documents and the other criteria required under the business records exception. Nonetheless, the Court will examine the constitutionality of the Government's request, bearing in mind Defendant Kahre's fundamental objection to the absence of trial testimony by the record witnesses.

The starting point for assessing this motion is the text of Rules 803(6) and 902(11). Rule 803(6) excepts records of regularly conducted activity from the disqualifying consequence of the hearsay rule:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation,

all as shown by the testimony of the custodian or other qualified witness, *or by certification that complies with Rule 902(11)*, Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed.R.Evid. 803(6) (emphasis added).

The Rule was amended in 2000 to add that, in lieu of live testimony, the foundation for admissibility of a business record may be established by a certification that complies with Rule 902(11), which provides that:

> The original or duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person ... certifying that the record—
> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
> (B) was kept in the course of the regularly conducted activity; and
> (C) was made by the regularly conducted activity as a regular practice.

Fed.R.Evid. 902(11).

Rules 803(6) and 902(11), therefore, go hand in hand. *See* 5 Federal Evidence § 9:40 (3d ed.). Making reference to Rule 803(6), the Advisory Committee Notes explain that Rule 902(11) "sets forth a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness." *See* Fed.R.Evid. 902(11), Advisory Committee's Note. Additionally, the Advisory Committee Notes to the 2000 Amendments to Rule 803, explain that Rule 902(11) "provides that the foundation requirements of Rule 803(6) can be satisfied under certain circumstances without the expense and inconvenience of producing time-consuming foundation wit-

nesses." Fed.R.Evid. 803(6), Advisory Committee's Note; *see also DirecTV, Inc. v. Murray*, 307 F.Supp.2d 764, 772 n. 3 (D.S.C.2004) (explaining that "Rule 902(11) was designed to work in tandem with an amendment to Rule 803(6) to allow proponents of business records to qualify them for admittance with an affidavit or similar written statement rather than live testimony."). Thus, the most appropriate way to view Rule 902(11) is as the functional equivalent of foundation testimony offered to authenticate a business record tendered under Rule 803(6) because the declaration permitted by Rule 902(11) serves the same purpose as authenticating testimony. *See Rambus, Inc. v. Infineon Technologies AG*, 348 F.Supp.2d 698, 701 (E.D.Va.2004).

Because Rule 902(11) declarations serve as a functional equivalent to live witness testimony, an issue arises about whether the Government in a criminal case can rely on a certificate to lay the foundation for business records after the Supreme Court case of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *Crawford*, the Supreme Court considered whether a trial court's admission of a tape-recorded out-of-court statement made by a witness while in police custody, where the defendant had no opportunity to cross examine the witness, violated the defendant's Sixth Amendment right of confrontation. *Id.* at 38, 124 S.Ct. 1354. In deciding that there was a violation of the Sixth Amendment, the Court determined that the witness's statement, made while in police custody, fell within a core class of "testimonial statements" that requires Confrontation Clause protection. *Id.* at 68–69, 124 S.Ct. 1354.

The *Crawford* Court explained that, as to testimonial statements, the only indicium of reliability sufficient to satisfy constitutional demands is confrontation itself. *Id.* at 68–69, 124 S.Ct. 1354. The Court

stated, "[w]here testimonial evidence is at issue [ ], the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Id.* at 68, 124 S.Ct. 1354. Although the *Crawford* Court did not offer a comprehensive definition of testimonial evidence, the Court did cite to various formulations of this core class of testimonial statements. *See id.* at 51–52, 124 S.Ct. 1354.

In so holding, the *Crawford* Court was departing from prior precedent, specifically the case of *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). In *Roberts,* the Court ruled that an unavailable witness's statement against a criminal defendant may be admitted so long as it falls within a "firmly rooted hearsay exception," or bears "particularized guarantees of trustworthiness." 448 U.S. at 66, 100 S.Ct. 2531. *Crawford* called the *Roberts* framework unpredictable and incapable of protecting the core testimonial statements that the Confrontation Clause was meant to exclude. *Crawford,* 541 U.S. at 62–63, 124 S.Ct. 1354.

Significantly, however, the *Crawford* Court was careful to distinguish between testimonial statements, which are subject to Confrontation Clause scrutiny, and non-testimonial statements, which need not be. The Court explained that applying the *Roberts* framework to non-testimonial statements would not be inconsistent with the Framers' understanding of the Con-frontation Clause, nor would be application of any approach that exempts non-testimonial statements from Confrontation Clause scrutiny altogether. *Id.* at 68, 100 S.Ct. 2531. "Thus, the stringent requirement of confrontation resurrected in *Crawford* does not apply to non-testimonial evidence." *United States v. Hagege,* 437 F.3d 943, 958 (9th Cir.2006).

Although the *Crawford* Court did not provide a definition of the term "non-testimonial evidence," the Court did indicate that business records are an example of the kind of statements which by their nature are not testimonial. 541 U.S. at 56, 124 S.Ct. 1354. "Business records fall outside the core class of 'testimonial evidence,' and thus are not subject to the absolute requirement of confrontation established in *Crawford*." *Hagege,* 437 F.3d at 958.

Although the Ninth Circuit has explicitly declined to decide the question of whether authentication of business records under Rule 902(11) violates the Confrontation Clause under *Crawford, see United States v. Weiland,* 420 F.3d 1062, 1072–74 (9th Cir.2005), *cert. denied,* 547 U.S. 1114, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006), confrontation challenges to a similar method of authenticating foreign business records have been overruled by the court. In *Hagege,* the Ninth Circuit considered whether, post-*Crawford,* the Confrontation Clause required cross-examination of foreign business records admitted under 18 U.S.C. § 3505 [1]. 437 F.3d at 957–58. Af-

---

1. 18 U.S.C. § 3505(a) reads:

In a criminal proceeding in a court of the United States, a foreign record of regularly conducted activity, or a copy of such record, shall not be excluded as evidence by the hearsay rule if a foreign certification attests that—

(A) such record was made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;

(B) such record was kept in the course of a regularly conducted business activity;

(C) the business activity made such a record as a regular practice; and

(D) if such record is not the original, such record is a duplicate of the original; unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

(2) A foreign certification under this section shall authenticate such record or duplicate.

ter emphasizing that business records fall outside the core class of "testimonial evidence" under *Crawford,* the Ninth Circuit concluded that "foreign business records admitted under § 3505 are not subject to the *Crawford* requirement of confrontation." *Id.* at 958. The court then stated that "the law in our Circuit establishes that the admission of the foreign bank records under § 3505 meets the *Roberts* test because the records bear indicia of reliability and the hearsay exception for business records is firmly rooted." *Id.* (citing *United States v. Miller,* 830 F.2d 1073, 1077–78 (9th Cir.1987)).

The same reasoning used in *Hagege* applies to business records admitted under Rule 902(11). "The admission of business records is a firmly-rooted exception to the hearsay rule." *Miller,* 830 F.2d at 1077. As such, business records generally bear strong indicia of reliability because there is little motive to distort or alter their contents. *See Roberts,* 448 U.S. at n. 8, 100 S.Ct. 2531 (citing Comment, 30 La. L.Rev. 651, 668 (1970) ("Properly administered the business and public records exceptions would seem to be among the safest of the hearsay exceptions.")). Although certifications under Rule 902(11) serve as a substitute for live testimony establishing the foundation for authenticating business records, they are not "testimonial" in the *Crawford* sense and therefore do not offend the Confrontation Clause.

Other Circuits have held that certifications under Rule 902(11) are constitutionally permissible in criminal cases. The Fifth Circuit, for example, stated that *Crawford* "does not apply to the foundational evidence authenticating business records in preliminary determinations of the admissibility of evidence." *United States v. Morgan,* 505 F.3d 332, 339 (5th Cir.2007). Likewise, in *United States v. Ellis,* 460 F.3d 920, 927 (7th Cir.2006), the Seventh Circuit held that Rule 902(11) certifications

attesting to the authenticity of business records are not testimonial. That court found compelling the fact that the Supreme Court in *Crawford* had identified business records as non-testimonial. *Id.* The Seventh Circuit reasoned that "[g]iven the records themselves do not fall within the constitutional guarantee provided by the Confrontation Clause, it would be odd to hold that the foundational evidence authenticating the records do." *Id.* As such, the court held that written certifications under Rule 902(11) and the underlying business records are non-testimonial, and therefore "are too far removed from the 'principal evil at which the Confrontation Clause was directed' to be considered testimonial." *Id.* (quoting *Crawford,* 541 U.S. at 50, 124 S.Ct. 1354).

Accordingly, this Court finds that holding a pretrial hearing on the admissibility of business records pursuant to Rules 803(6) and 902(11) would not offend the Confrontation Clause. Although no witnesses will testify and no cross-examination will occur, Defendants will have ample opportunity to contest the sufficiency of the witness certifications. Rule 902(11) requires that the Government, as the offering party, provide written notice to Defendants of the intention to offer business records under these provisions. *See* Fed.R.Evid. 902(11). The records and declarations must be made available to the Defendants for inspection "sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them." *Id.* Although there is no bright line rule for when notice must be given, the Government has certainly provided sufficient notice to Defendants. The Government filed its "Notice of Intent to Proceed Under Federal Rule of Evidence 902(11) and 803(6)" on April 1, 2008 (Doc. # 1965), and filed the instant motion seeking a hearing under Rule 902(11) on November

11, 2008 (Doc. #2061). The Defendants were, thus, notified well in advance of trial of the Government's intentions, giving the Defendants ample opportunity to inspect the records and declarations and, if necessary, depose the record witnesses.

Because "preliminary questions concerning ... the admissibility of evidence shall be determined by the court," the pretrial procedure proposed by the Government is permissible. *See* Fed.R.Evid. 104(a). The Court will, therefore, hold a pretrial hearing to determine the sufficiency of the certifications and to hear any objections Defendants have thereto. The parties should bear in mind that the declarations must satisfy the substantive criteria set forth in Rule 902(11) in order to lay a proper foundation for admission of the record. The requirements of Rule 902(11) are that: a declarant, who is a custodian or other "qualified person," certify that the record "(A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (B) was kept in the course of the regularly conducted activity; and (C) was made by the regularly conducted activity as a regular practice." Fed.R.Evid. 902(11).

Furthermore, even assuming the Court finds the certifications sufficient, the business records may only be admitted conditionally. The Government still bears the burden to prove the relevance of the business record and the absence of another form of hearsay in order for the record to be formally entered into evidence.

The Court is keenly aware of Defendant Kahre's objections to this pretrial procedure. While the Court understands Defendant Kahre's Sixth Amendment concerns, the Rules of Evidence specifically authorizing such a procedure cannot be ignored. Should Defendant Kahre, or any of the Defendants, have cause to question the authenticity of any of the records or the sufficiency of any of the declarations, they will be provided with an opportunity at the hearing to present such argument. If, as he argues, Defendant Kahre has questions for these record witnesses outside of their role as merely establishing foundation for authentication, he is free to call them at trial before the jury. The Court believes, however, that this procedure provides an opportunity to expedite the already-lengthy trial while still maintaining and protecting the Defendants' constitutional rights.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Government's Motion to Address Preliminary Questions Regarding the Admissibility of Evidence Pursuant to F.R.E. 104(a). The Court hereby schedules a video conference hearing on May 11, 2009 in which the parties may be heard on the sufficiency of certain certifications made in support of admitting business records under Rule 902(11).

IT IS SO ORDERED.